UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NOS. 5:11-CR-00015-01** |
| | **5:11-CR-00163-01** |
| | **5:16-CV-00687** |
| | **5:16-CV-00688** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **DWAYNE NAYCON HOOKS** | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM RULING & ORDER**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence [Doc. #62, in Docket No. 5:11-cr-00015-DEW-MLH-1; Doc. #18, in Docket No. 5:11-cr-00163-DEW-MLH-1], pursuant to 28 U.S.C. § 2255, filed by Defendant-Petitioner Dwayne Naycon Hooks (01).[1] The Government filed a response in opposition [Doc. #68, in Docket No. 5:11-cr-00015-DEW-MLH-1; Doc. #24, in Docket No. 5:11-cr-00163-DEW-MLH-1], to which Defendant Hooks filed a reply [Doc. #69, in Docket No. 5:11-cr-00015-DEW-MLH-1; Doc. #25, in Docket No. 5:11-cr-00163-DEW-MLH-1]. For the following reasons, the motion is **DENIED**.

**BACKGROUND**

On January 26, 2011, a federal grand jury in the Western District of Louisiana (WDLA) charged Defendant Hooks with one count of conspiracy, in violation of 18 U.S.C. § 371 (Count 1), and three counts of bank robbery by force, violence, or intimidation, in violation of 18 U.S.C. § 2113(a) and (d) (Counts 2-4). [Doc. #1, in Docket No. 5:11-cr-00015-DEW-MLH-1]. On March 2, 2011, Defendant Hooks was also charged by a federal grand jury in the Eastern District

---

[1] This memorandum ruling and order applies with equal force to the motions docketed in each case.

of Texas (EDTX) with two counts of bank robbery by force, violence, or intimidation, in violation of 18 U.S.C. § 2113(a) (Counts 1 and 3), and two counts of possession of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Counts 2 and 4). [Doc. #1-2, in Docket No. 5:11-cr-00163-DEW-MLH-1]. The EDTX charges were then transferred to this district, on June 27, 2011. [Doc. #1, in Docket No. 5:11-cr-00163-DEW-MLH-1].

On July 6, 2011, Defendant Hooks pled guilty to Count 2 of the WDLA indictment and Counts 1, 2, and 3 of the EDTX indictment. [Docs. ##45 and 46, in Docket No. 5:11-cr-00015-DEW-MLH-1; Docs. ##4 and 6, in Docket No. 5:11-cr-00163-DEW-MLH-1]. In support thereof, Defendant Hooks and the Government stipulated to the following factual basis:

> DWAYNE NAYCON HOOKS and co-defendant Kevin Nell Brown committed a string of armed bank robberies in the [WDLA] and the [EDTX]. HOOKS committed the robbery of Capital One Bank in Grand Cane, Louisiana, by himself. All of the banks robbed were insured by FDIC.
>
> Each robbery was committed while the banks were open for business. HOOKS and Brown forced bank employees to provide cash from their drawers. On several occasions, Brown crossed the teller counter and took the money from the drawers. In all but the Grand Cane robbery, HOOKS and Brown then forced a bank employee to provide keys to the employee's vehicle which was then used as a get-a-way car. All of the cars were recovered without damage.
>
> In every robbery, HOOKS possessed a firearm. On two occasions, HOOKS discharged a firearm inside the bank, although nobody was physically injured. A G.A.I. pistol, cal: 9mm, model: PA63, SN: ANO528 with ammunition was recovered at the time of the arrest of HOOKS and Brown.

The following chart summarizes the robberies:

| Date | Location | Bank | Amount Stolen |
| --- | --- | --- | --- |
| 07/13/2010 | Grand Cane, LA | Capital One Bank | $3,636.00 |
| 10/15/2010 | Shreveport, LA | Red River Bank | $16,395.00 |
| 11/03/2010 | Joaquin, TX | Texas State Bank | $32,267.00 |
| 12/02/2010 | Haslam, TX | Texas State Bank | $14,307.00 |
| 01/05/2011 | Pleasant Hill, LA | Peoples State Bank | $25,545.00 |

> The $24,545.00 stolen from Peoples State Bank in Pleasant Hill was recovered upon the arrest of HOOKS and Brown. The remaining money was not recovered. Therefore, the total intended loss amount is $45,576.00 (Louisiana) plus $46,574.00 (Texas) for a total loss amount of **$92,150.00**. The total restitution amount is $20,031.00 (Louisiana) and $46,574.00 (Texas) for a total restitution amount of **$66,605.00**.

[Doc. #46-2, in Docket No. 5:11-cr-00015-DEW-MLH-1; Doc. #6-2, in Docket No. 5:11-cr-00163-DEW-MLH-1].[2]

On October 28, 2011, this Court sentenced Defendant Hooks to a term of imprisonment of 96 months, as to Count 1 of the WDLA indictment and Counts 1 and 3 of the EDTX indictment, followed by a consecutive term of imprisonment of 60 months as to Count 2 of the EDTX indictment. [Doc. #52, in Docket No. 5:11-cr-00015-DEW-MLH-1; Doc. #10, in Docket No. 5:11-cr-00163-DEW-MLH-1]. Defendant Hooks' total term of imprisonment was therefore 156 months, followed by supervised release for terms of five (5) years as to Count 2 of the WDLA indictment and Count 2 of the EDTX indictment, and three (3) years as to Counts 1 and 3 of the EDTX indictment, all terms to run concurrently. *Id*. Restitution was ordered in the total amount of $66,605.00, of which $62,969.00 was ordered to be joint and several with a co-defendant. [Doc. #59, in Docket No. 5:11-cr-00015-DEW-MLH-1; Doc. #15, in Docket No. 5:11-cr-00163-DEW-MLH-1]. No appeal was filed.

In the instant motion, filed on May 17, 2016, Defendant Hooks argues that Count 2 of the EDTX indictment is subject to dismissal, because the "crime of violence" language of 18 U.S.C. § 924(c) is unconstitutionally vague. In support of his motion, Defendant Hooks cites the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015),

---

[2] Although the factual basis contained a typographical error as to the amount stolen from the Peoples State Bank in Pleasant Hill, LA, the PSR reflects that the correct amount was that which was contained in the summary chart, $25,545.00, rather than the text appearing below the chart. [Doc. #57, p. 6, ¶¶ 14-15]. However, as further indicated in the PSR, the amount was subsequently reduced to $25,021.00, based on a Declaration of Victim Losses form returned by the bank in question. *Id*. at ¶ 17.

which held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine. In *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016), the Supreme Court established that *Johnson* is a substantive decision that is retroactive in cases on collateral review. Defendant Hooks asserts that 18 U.S.C. § 924(c)(1)(A), too, is unconstitutional under the void-for-vagueness doctrine.

Defendant Hooks also relies upon *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), *reh'g granted*, 815 F.3d 189 (5th Cir. 2016), in which the Fifth Circuit held that 18 U.S.C. § 16's statutory definition of "crime of violence" is unconstitutionally vague. However, on rehearing en banc, decided after the instant motion was fully briefed, the Fifth Circuit found that 18 U.S.C. § 16's statutory definition of "crime of violence" is neither unconstitutionally vague on its face nor as applied therein. *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016), *petition for cert. filed* (U.S. Sept. 30, 2016) (No. 16-6259). As such, *Gonzalez-Longoria* no longer provides any arguable basis for the instant motion.

## LAW & ANALYSIS

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citation omitted).

Section 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005) (quoting 28 U.S.C. § 2255(f)). Defendant Hooks is proceeding under 28 U.S.C. § 2255(f)(3), pursuant to which the 1-year period of limitation shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). As explained, the instant motion purports to rely upon the Supreme Court's June 26, 2015, decision in *Johnson*, made retroactive in *Welch*.

> *Welch* explained that the ACCA defines "violent felony" as
>
> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

*Welch*, 136 S.Ct. at 1261 (quoting 18 U.S.C. § 924(e)(2)(B)). "Subsection (i) of this definition is known as the elements clause. The end of subsection (ii)—'or otherwise involves conduct that presents a serious potential risk of physical injury to another'—is known as the residual clause." *Id.* (citing *Johnson*, 135 S.Ct. at 2555–2556). Importantly, *Johnson* invalidated the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), and explicitly did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson,* 135 S.Ct. at 2563. Based on that limitation, *Welch* left open the possibility that, on remand, Welch's conviction may still qualify "as a violent felony under the elements clause of the Act, which would make Welch eligible for a 15–year sentence regardless of *Johnson*." 136 S.Ct. at 1268.

As to the elements clause, the definition of "violent felony" under the ACCA and "crime of violence" under § 924(c) are identical and encompass any offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. §§ 924(c)(3)(A) and (e)(2)(B)(i).

Here, the offense of conviction under attack is that which was charged in Count 2 of the EDTX indictment, for possession of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. [Doc. #1-2, Docket No. 5:11-cr-00163-DEW-MLH-1]. The specific crime of violence was "bank robbery, as alleged in Count One[,]" which was specifically alleged to be "by force, violence, and intimidation[,]" in violation of 18 U.S.C. § 2113(a). *Id.* Section 2113(a) describes two separate crimes, as follows:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank . . .; or
>
> Whoever enters or attempts to enter any bank . . . or any building used in whole or in part as a bank . . . with intent to commit in such bank . . . or building, or part thereof, so used, any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). Defendant Hooks was charged with violating the first paragraph.

"In order to prove a violation of 18 U.S.C. § 2113(a), the Government must prove: (1) an individual or individuals (2) used force and violence or intimidation (3) to take or attempt to take (4) from the person or presence of another (5) money, property, or anything of value (6) belonging to or in the care, custody, control, management, or possession (7) of a bank[.]" *United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004) (quoting *United States v. McCarty*, 36 F.3d 1349, 1357 (5th Cir. 1994)). Based on the elements of the relevant offense of conviction,

Defendant Hooks was charged with and convicted of a "crime of violence" under § 924(c)(3)(A). Because § 924(c)(3)(A) applies to Defendant Hooks' conviction for bank robbery under § 2113(a), and § 924(c)(3)(A) was not rendered invalid under *Johnson*, Defendant Hooks' conviction is likewise unaffected by *Johnson*. *See Royal v. Tombone*, 141 F.3d 596, 601 (5th Cir. 1998) (per curiam); *see also United States v. McNeal*, 818 F.3d 141, 152 n.8 (4th Cir. 2016) ("Because § 2113(a) bank robbery satisfies the § 924(c)(3) force clause, we do not consider whether *Johnson* renders the § 924(c)(3) residual clause unconstitutionally vague."). Accordingly, Defendant Hooks is not entitled to the relief requested in the instant motion.

## **CONCLUSION**

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence [Doc. #62, in Docket No. 5:11-cr-00015-DEW-MLH-1; Doc. #18, in Docket No. 5:11-cr-00163-DEW-MLH-1], pursuant to 28 U.S.C. § 2255, filed by Defendant-Petitioner Dwayne Naycon Hooks (01) is hereby **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** for failure to make a substantial showing of the denial of a constitutional right, as required under 28 U.S.C. 2253(c)(2).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 26th day of March, 2018.

*[Signature]*
DONALD E. WALTER
UNITED STATES DISTRICT COURT