# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NOS. 5:11-00015-1 AND 5:11-00163-1 |
|---|---|
| VERSUS | JUDGE TERRY A. DOUGHTY |
| DWAYNE NAYCON HOOKS | MAG. JUDGE MARK L. HORNSBY |

## RULING

Before the Court are Defendant Dwayne Naycon Hooks' ("Hooks") Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 94 in Case No. 5:11-CR-00015-1; Doc. No. 39 in Case No. 5:11-CR-00163-1] and his Motion for Relief Pursuant to Rule 60(d)(3) for Fraud upon the Court [Doc. No. 96 in Case No. 5:11-CR-00015-1; Doc. No. 41 in Case No. 5:11-CR-00163-1].

For the reasons set forth below, the motions are DENIED and DISMISSED WITHOUT PREJUDICE.

### I. Facts and Procedural Background

On January 26, 2011, a federal grand jury in the Western District of Louisiana charged Hooks with one count of conspiracy, in violation of 18 U.S.C. § 371 (Count 1), and three counts of bank robbery by force, violence, or intimidation, in violation of 18 U.S.C. § 2113(a) and (d) (Counts 2, 3, and 4). [Doc. No. 1 in Criminal Action No. 5:11-00015-1].

On March 2, 2011, Hooks was also charged by a federal grand jury in the Eastern District of Texas with two counts of bank robbery by force, violence, or intimidation, in violation of 18 U.S.C. § 2113(a) (Counts 1 and 3), and two counts of possession of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) (Counts 2 and 4).

The Eastern District of Texas charges were then transferred to this district on June 27, 2011, and assigned Criminal Action No. 5:11-00163-1.

On July 6, 2011, Hooks pled guilty to Count 2 of the indictment in Criminal Action No. 5:11-00015-1 (the Louisiana charges) and Counts 1, 2, and 3 of the indictment in Criminal Action No. 5: 11:00163-1 (the Texas charges). [Doc. Nos. 45 and 46, in Criminal Action No.5:11-cr-00015-1; Doc. Nos. 4 and 6, in Criminal Action No. 5:11-cr-00163-1]. As part of his guilty plea, Hooks and the Government stipulated to the following factual basis:

> DWAYNE NAYCON HOOKS and co-defendant Kevin Nell Brown committed a string of armed bank robberies in the [WDLA] and the [EDTX]. HOOKS committed the robbery of Capital One Bank in Grand Cane, Louisiana by himself. All of the banks robbed were insured by FDIC.
>
> Each robbery was committed while the banks were open for business. HOOKS and Brown forced bank employees to provide cash from their drawers. On several occasions, Brown crossed the teller counter and took the money from the drawers. In all but the Grand Cane robbery, HOOKS and Brown then forced a bank employee to provide keys to the employee's vehicle which was then used as a get-away car. All of the cars were recovered without damage.
>
> In every robbery, HOOKS possessed a firearm. On two occasions, HOOKS discharged a firearm inside the bank, although nobody was physically injured. A G.A.I. pistol, cal: 9mm, model: PA63, SN: ANO528 with ammunition was recovered at the time of the arrest of HOOKS and Brown.

On October 28, 2011, Judge Donald Walter sentenced Hooks to a term of imprisonment of 96 months on Count 2 in Criminal Action No. 11-00015-1 and Counts 1 and 3 in Criminal Action No. 11-00163-1, to run concurrently, followed by a consecutive term of imprisonment of 60 months as to Count 2 in Criminal Action No. 11-00163-1. [Doc. No. 52 in Criminal Action No. 5:11-00015-1; Doc. No. 10 in Criminal Action No. 5:11-00163-1]. In total, Hooks was sentenced to serve 156 months imprisonment, followed by supervised release for terms of five (5) years as to Count 2 of both Indictments and three (3) years as to Counts 1 and 3 of the

Indictment in Criminal Action No. 5:11-00163-1, all terms to run concurrently. *Id*. Hooks did not appeal.

On May 17, 2016, Hooks filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he argued that Count 2 of Criminal Action No. 11-00163-1 should be dismissed because the "crime of violence" language in 18 U.S.C. §924(c) is unconstitutionally vague [Doc. No. 62 in Case No. 5:11-CR-00015-1; Doc. No. 18 in Case No. 5:11-CR-00163-1]. This Court denied that motion and dismissed it with prejudice on May 10, 2018 [Doc. Nos. 89, 90 in Case No. 5:11-CR-00015-1; Doc. Nos. 32, 33 in Case No. 5:11-CR-00163-1]. This Court also denied a certificate of appealability. [Doc. No. 91 in Case No. 5:11-CR-00015-1; Doc. No. 34 in Case No. 5:11-CR-00163-1]. Hooks did not appeal.

On August 14, 2018, Hooks filed a Motion to Vacate under 28 U.S.C. § 2255 in which he contended that the district court lacked the jurisdiction to accept his guilty plea to Count 2 of the Texas indictment because he alleges it to be a non-codified federal offense [Doc. No. 94 in Case No. 5:11-CR-00015-1; Doc. No. 39 in Case No. 5:11-CR-00163-1].

On October 12, 2018, Hooks filed the instant Motion for Relief Pursuant to Rule 60(d)(3) for Fraud upon the Court [Doc. No. 96 in Case No. 5:11-CR-00015-1; Doc. No. 41 in Case No. 5:11-CR-00163-1], on the identical basis that his conviction under Count 2 of the Texas indictment rests on a non-codified federal crime.

**II.    Law and Analysis**

First, the Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 94 in Case No. 5:11-CR-00015-1; Doc. No. 39 in Case No. 5:11-CR- 00163-1], is DENIED and DISMISSED WITHOUT PREJUDICE because Hooks has not obtained authorization from the Fifth Circuit to file a successive § 2255 motion. Therefore, this Court has no jurisdiction to consider that claim.

Second, "Rule 60(d)(3) functions as a saving clause: it allows courts to 'set aside a judgment for fraud on the court' without a strict time bar. The standard for 'fraud on the court' is as, a consequence, demanding. '[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court.'" *Jackson v. Thaler*, 348 Fed. App'x. 29, 34 (5th Cir. 2009).

The Supreme Court in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) recognized a court's inherent power to vacate a judgment obtained by fraud. A motion under Rule 60(d)(3) and *Hazel-Atlas Glass* that asserts grounds of error in the prisoner's conviction is properly construed as a second-or-successive § 2255. *United States v. Johnson*, 2018 WL 3626337 (N.D. Texas, June 18, 2018) (*citing United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013)). In *Baker*, the court held that the fact that a petitioner labeled his motion as one brought under *Hazel-Atlas* and Rule 60(d)(3) did not change the analysis used to determine if his pleading is an unauthorized second or successive § 2255 motion, and that, it is the relief sought, not the pleading's title that determines whether the pleading is a § 2255 motion. The court went on to explain that a motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second or successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction. *Id.*, at 1206.

If a Rule 60 motion is treated as a successive habeas petition, the petitioner must obtain from the Fifth Circuit an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *Preyor v. Davis*, 704 Fed. App's. 331, 338 (5th Cir. 2017).

Without reaching the merits of his arguments, it is clear that Hooks is using Rule 60(d)(3) to allege fraud on the court, not in a habeas proceeding, but in his criminal proceeding. For this

reason, the Court construes Hooks's motion under Federal Rule of Civil Procedure 60(d)(3), to be, in substance, a successive Section 2255 motion. Accordingly,

The Motion for Relief Pursuant to Rule 60(d)(3) for Fraud upon the Court [Doc. No. 96 in Case No. 5:11-CR-00015-1; Doc. No. 41 in Case No. 5:11-CR-00163-1] is DENIED and DISMISSED WITHOUT PREJUDICE because the Court construes that motion to be, in substance, a successive Section 2255 motion, and Hooks has not obtained authorization from the Fifth Circuit to file a successive § 2255 motion. Therefore, this Court has no jurisdiction to consider that claim.

### III. Conclusion

For the reasons set forth above, the Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 94 in Case No. 5:11-CR-00015-1; Doc. No. 39 in Case No. 5:11-CR-00163-1] is DENIED and DISMISSED WITHOUT PREJUDICE. Additionally, the Motion for Relief Pursuant to Rule 60(d)(3) for Fraud upon the Court [Doc. No. 96 in Case No. 5:11-CR-00015-1; Doc. No. 41 in Case No. 5:11-CR-00163-1] is DENIED and DISMISSED WITHOUT PREJUDICE.

MONROE, LOUISIANA, this 18th day of October, 2018.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**